**Sunday Oluwatoyin AJISEBUTU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–06–00202–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 29, 2007.

Discretionary Review Refused Sept. 12, 2007.

310

Leora Teicher Kahn, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney-Harris County, Donald W. Rogers Jr., Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Sunday Oluwatoyin Ajisebutu, guilty of money laundering funds in excess of $100,000, a first-degree felony, and assessed his punishment at 60 years in prison.[1] *See* Act of May 26,1993, 73rd Leg., R.S., ch. 761, § 2, 1993 Tex. Gen. Laws 2966, 2967 (amended 2005) (current version at TEX. PEN.CODE ANN. §§ 34.02 (Vernon Supp.2006)). We

---

1. Money laundering funds in excess of $100,000 was a first-degree felony punishable by five to 99 years or life and up to a $10,000 fine at the time that appellant was originally indicted. *See* Act of May 26,1993, 73rd Leg., R.S., ch. 761, § 2, 1993 Tex. Gen. Laws 2966, 2967 (amended 2005) (current version at TEX. PEN.CODE ANN. §§ 34.02 (Vernon Supp.2006)). The Legislature amended subsection (e) of the statute effective September 1, 2005 to make money laundering funds in excess of $100,000 a second-degree felony offense punishable by two to 20 years in prison and up to a $10,000 fine. *See* Act of May 30, 2005, 79th Leg., R.S., ch. 1162, §§ 2, 9, 2005 Tex. Gen. Laws 3802, 3803, 3807 (current version at TEX PEN. CODE ANN § , 34.02(e)(3) 34.02 (Vernon 2006)).

determine whether appellant's sentence constituted cruel and unusual punishment violating constitutional and statutory provisions. We affirm.

## Background

From January 1, 2001 through May 9, 2005, appellant used the personal information, including names and social security numbers, of Susanne Nink, Otto Harrison, Nyet Hue, Dawn Holmes, Erik Reyna, Guy Duc Nguyen, Bradford Bryant, Lee Lin, Henry Ennis, Paul White, Sean Pellegrino, and Donald Thacker to open credit card, bank, and telephone accounts without their permission. Appellant used these unauthorized accounts to purchase clothes, watches, computers, home-improvement items, electronics, and small appliances in an amount totaling approximately $172,000.00. He was charged by indictment with money laundering funds in excess of $100,000. A jury found appellant guilty as charged in the indictment and, after a punishment hearing, assessed his punishment at 60 years in prison. Appellant filed a motion for new trial on March 7, 2006 and an amended motion was filed on March 31, 2006, in which he asserted, among other complaints, that "[a]ppellant's punishment of incarceration for a period of sixty years is excessive and violates the prohibition against cruel and unusual punishment." The trial court overruled appellant's motion for new trial.

## Cruel and Unusual Punishment

In three issues, appellant argues that "the sixty-year sentence assessed against him constitutes cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution, Section 13 of the Texas Constitution and

Article 1.09 of the Texas Code of Criminal Procedure. [Appellant] argues that the sentence is excessive and disproportionate to the offense committed." (Citations omitted.) *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX.CODE CRIM. PRO. § 1.09 (Vernon 2005). The State contends that appellant waived his right to allege that his punishment "would subject him to unconstitutionally excessive or disproportional punishment under either the Constitution of [the] United States or Texas or any statute" because he "did not make a timely objection at or prior to the time his punishment was assessed or at sentencing."

### A. Preservation

■ Appellant filed a timely amended motion for new trial on March 31, 2006 in which he asserted, without citation to any constitutional or statutory provisions, that "[appellant's] punishment of incarceration for a period of sixty years is excessive and violates the prohibition against cruel and unusual punishment." On appeal, appellant argues that his punishment was cruel and unusual in violation of the Eighth Amendment of the United States Constitution, section 13 of the Texas Constitution, and article 1.09 of the Texas Code of Criminal Procedure. Additionally, appellant "urges this Court to find that the difference in the language of the Texas Constitution affords greater constitutional protection than the [United States] Constitution." Section 13 of the Texas Constitution and article 1.09 of the Texas Code of Criminal Procedure prohibit "cruel *or* unusual punishment," while the Eighth Amendment of the United States Constitution prohibits "cruel *and* unusual punishment." [2]

2. Texas courts of appeals have declined requests by appellants to apply different standards to the federal and state provisions regarding cruel and unusual punishment. *See Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.) (declining to

Rule 33.1 of the Texas Rules of Appellate Procedure provides that in order properly to preserve a complaint for appellate review, a timely request, objection, or motion must have been made to the trial court "stat[ing] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex.R.App. P. 33.1(a)(1)(A). "A number of cases deal with the sufficiency of imprecise objections, but because one must look to the context of each case in order to see if the ground of the objection was apparent, we must look at each situation individually as it arises." *Heidelberg v. State*, 144 S.W.3d 535, 538 (Tex.Crim.App.2004). Regardless, those cases still provide instructive guidance. *Id.*

To determine whether appellant's general objection of "cruel and unusual punishment" in his motion for new trial preserved his general objection based on federal and state constitutional and statutory grounds, we consider other cases considering the sufficiency of imprecise objections.

In *Heidelberg v. State*, the Court of Criminal Appeals addressed whether a defendant's running objection at trial, which expressly stated the federal constitution as the basis for his objection, was sufficient to preserve an appellate challenge based on state constitutional grounds. *Id.* at 536–37. The *Heidelberg* court held that presenting a claim based solely on federal grounds is not sufficient to put the trial court on notice of claims based on state grounds, unless the state ground is apparent from the context. *Id.* at 538. The *Heidelberg* court considered the following factors in determining whether the defendant's ground for objection was apparent: (1) the context and substance of the question to which the defendant objected, *i.e.* whether the State's question referred to pre-arrest silence, post-arrest and pre-*Miranda* silence, or post-arrest and post-*Miranda* silence;[3] (2) the defendant's citation to any state constitutional provision specifying the grounds on which he was objecting; and (3) the trial court's comments regarding the objection. *Id.* at 542–43. The *Heidelberg* court held that the defendant's federal constitutional objection was not sufficiently specific to put the trial court on notice of his state constitutional objection because it was not apparent from the context of the situation that the defendant was objecting to improper questions concerning his post-arrest, pre-*Miranda* right to silence protected by the state constitution. *Id; see Cantu v. State*, 994 S.W.2d 721, 732–33 (Tex.App.-Austin 1999,

---

afford greater rights regarding cruel and unjust punishment under Texas Constitution than are afforded under United States Constitution); *Puga v. State*, 916 S.W.2d 547, 550 (Tex.App.-San Antonio 1996, no pet.) (same). When both federal and state constitutional challenges to the punishment assessed have been preserved, Texas courts of appeals have addressed these federal and state constitutional provisions jointly. *See e.g., Baldridge v. State*, 77 S.W.3d 890, 893–94 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd); *Jackson*, 989 S.W.2d at 845; *Puga*, 916 S.W.2d at 550; *Pratt v. State*, No. 05–05–00688–CR, 2007 WL 10554, at *7–8 (Tex.App.-Dallas Jan.3, 2007, no pet.) (not designated for publication);

*Whitehead v. State*, No. 11–05–00179–CR, 2006 WL 3685230, at *1 (Tex.App.-Eastland Dec.14, 2006, no pet.) (not designated for publication).

**3.** The Texas constitution affords greater protection of defendant's post-arrest silence because it protects a defendant's post-arrest silence even before *Miranda* warnings have been administered, while the federal constitution protects only post-arrest silence after *Miranda* warnings have been given. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex.Crim.App. 2004).

pet. dism'd) (holding that defendant did not preserve state constitutional challenge to expert's testimony at punishment hearing because defendant relied exclusively on federal cases in arguing for exclusion of expert's testimony); *see Barnum v. State,* 7 S.W.3d 782, 794 (Tex.App.-Amarillo 1999, pet. ref'd) (stating that defendant did not preserve state constitutional challenge to his right to confront witnesses against him because defendant's objection asserted only federal constitution as grounds).

In *Wyborny v. State,* the defendant failed to state any grounds for the objection to the State's question; however, the State's question specifically referenced an event that occurred post-arrest and pre-*Miranda.* *Id.,* 209 S.W.3d 285, 288, 290 (Tex.App.-Houston [1st Dist.] 2006, no pet.). This Court held that the specificity of the State's question cured the defendant's failure to state the Texas Constitution as grounds; thus, the defendant's objection preserved the state constitutional challenge for appeal. *See id.* at 290. The court explained, "[T]he objection was specific enough to have put the trial court on notice of [defendant's complaint]." *Id.; see Lankston v. State,* 827 S.W.2d 907, 910–11 (Tex.Crim.App.1992) (holding that error was preserved by running objection because of defendant's immediate objection to State's specific question, in combination with trial court's comments showing that it understood nature of defendant's objection); *Samuel v. State,* 688 S.W.2d 492, 495–96 (Tex.Crim.App.1985) (holding that error was preserved when defendant objected to question regarding defendant was "under arrest" immediately following question about post-arrest event sufficient to put trial court on notice of appellant's state constitutional grounds for objection); *Coleman v. State,* 644 S.W.2d 116, 119 (Tex.App.-Austin 1982, pet. ref'd) (holding that defendant's general objection to State's specific questions regarding defen-

dant's failure to appear before grand jury was sufficient to put trial court on notice of objection based on defendant's constitutional right to remain silent).

Here, appellant made no objection at his punishment hearing and did not cite to either a federal or state constitutional provision in his motion for new trial. Instead, appellant objected to his 60–year sentence by stating only, "[Appellant's] punishment of incarceration for a period of sixty years is excessive and violates the prohibition against cruel *and* unusual punishment." (Emphasis added.) Thus, although appellant recognizes a difference in the language of the state and federal constitutions and argues that he is entitled to greater protection under the state constitution and statute based on the disjunctive language of the State statute and constitution, he objected only using the conjunctive language of the federal constitution.

We cannot conclude that appellant's state constitutional and statutory grounds were apparent from the context in these circumstances. *See Heidelberg,* 144 S.W.3d at 542–43; *Cantu,* 994 S.W.2d at 732–33; *Barnum,* 7 S.W.3d at 794. Considering appellant's general objection, which did not state any specific constitutional or statutory provision, and his argument on appeal regarding the differences between the language of the federal and state provisions regarding cruel and unusual punishment, we hold that appellant has not preserved his challenge under section 13 of the Texas Constitution and article 1.09 of the Texas Code of Criminal Procedure. *See Heidelberg,* 144 S.W.3d at 542–43; *Cantu,* 994 S.W.2d at 732–33; *Barnum,* 7 S.W.3d at 794.

**B. Merits**

Assuming, without deciding, that appellant's objection in his motion for new

trial sufficiently preserved his Eighth Amendment complaint for review,[4] we address the merits of appellant's argument regarding whether appellant's sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII.

Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual under the Constitution of either Texas or the United States. *Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App.1983); *Hill v. State*, 493 S.W.2d 847, 849 (Tex.Crim. App.1973) (holding that 75–year sentence was not cruel or unusual because it was within statutory range); *Baldridge*, 77 S.W.3d at 893–94. Here, appellant was convicted of money laundering an amount in excess of $100,000, a first-degree felony at the time of appellant's original indictment. *See* TEX. PEN.CODE ANN. §§ 34.01, 34.02(e)(3). The statutory range of punishment for a first degree felony offense is five to 99 years or life and a fine not to exceed $10,000. TEX. PEN.CODE ANN. § 12.32 (Vernon 2003).

Although appellant's punishment was assessed within the statutory range, he argues that there should be a comparison of sentences utilized to determine if his 60–year sentence is grossly disproportionate in violation of the Eighth Amendment of the United States Constitution. Specifically, appellant argues that "[a]ppellant's punishment of incarceration for sixty years is the functional equivalent of incarceration for life and is excessive in light of the nature of the offense of money laundering itself."

In support of his contention that the 60–year sentence imposed upon him constitutes cruel and unusual punishment, appellant cites to *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). In *Solem*, the Supreme Court held that criminal sentences must be proportionate to the crime and that even a sentence within the statutorily prescribed range may violate the Eighth Amendment. *Id.* The Court also stated, however, that "[r]eviewing courts ... should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* The Court set forth three objective criteria by which reviewing courts should analyze proportionality claims. They are: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.*, 463 U.S. at 292, 103 S.Ct. at 3011.

In conducting an Eighth Amendment proportionality analysis, we first make a threshold comparison of the offense against the severity of the sentence, judging the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Culton v. State*, 95 S.W.3d 401, 403 (Tex.

---

4. In *Steadman v. State*, this Court held that a defendant did not preserve his cruel-and-unusual punishment complaint on appeal because he did not object at the punishment phase of trial. *See Steadman v. State*, 31 S.W.3d 738, 742 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (stating "[T]o preserve error for appellate review, the appellant must make a timely, specific objection, *at the earliest opportunity*, and obtain an adverse ruling.")

(emphasis added). However, this Court did not address whether a general objection raised for the first time in a post-trial motion was sufficient to preserve a cruel-and-unusual punishment complaint on appeal. We assume without deciding that appellant's objection in his motion for new trial sufficiently preserved his Eighth Amendment complaint for review.

App.-Houston [1st Dist.] 2002, pet. ref'd); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.-Fort Worth 2001, pet. ref'd). Only upon determining that the sentence is grossly disproportionate to the offense do we need to consider the other two factors from *Solem. Solem*, 463 U.S. at 292, 103 S.Ct. at 3011.

Here, appellant was convicted of the first-degree felony for money laundering funds belonging to 12 individuals in an amount totaling approximately $172,000.00. Appellant committed the offense over a four-year period. Appellant could have been sentenced from five years up to 99 years or life and up to a $10,000 fine. *See* TEX. PEN.CODE ANN. § 12.32 (Vernon 2003). Appellant was sentenced to 60 years in prison—39 years less than the statutory maximum—and no fine. In accordance with *Solem*, we grant substantial deference to the broad authority that the Legislature necessarily possesses in determining the types and limits of punishments for crimes, as well as to the discretion that the trial court possesses in sentencing convicted criminals. *See Solem*, 463 U.S. at 290, 103 S.Ct. at 3009. Under these circumstances, we hold that appellant's 60–year sentence is not grossly disproportionate; therefore, a comparison to other jurisdictions is not required.[5]

We overrule appellant's three issues.

## Conclusion

We affirm the judgment of the trial court.

---

**5.** In any event, although appellant made a comparison to other Texas cases, he did not compare the sentences imposed on persons in Texas with sentences imposed against defendants in *other* jurisdictions who committed a similar offense. *See Solem v. Helm*, 463 U.S.

277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983); *see also Alberto v. State*, 100 S.W.3d 528, 529 (Tex.App.-Texarkana 2003, no pet.); *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, pet. ref'd).