Affirmed and Memorandum Opinion filed April 17, 2008








Affirmed and Memorandum Opinion filed April 17, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00688-CR

_______________

 

ALTON WARREN PAYNE, III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No.1095707

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

Alton Warren Payne, III pleaded
guilty to aggravated robbery with a deadly weapon without an agreed
recommendation on punishment, and the trial court sentenced him to confinement
for 18 years.  On appeal, he claims that his sentence was disproportionate to
the offense and violated his right to be protected against cruel and unusual
punishment under the Eighth Amendment to the United States Constitution.  We
affirm.      

 

 

                                                                              








Background

On December 27, 2005, appellant went
to Jonathan Finkelman=s house to buy ten Lortab pills.  Appellant received only
nine pills.  Appellant then went to Brandon Powell=s house, telling Powell and others
that he had been shorted a pill.  Powell and appellant=s friend, Steven Lopez, developed a
plan to rob Finkelman because he had shortened appellant one pill.  Lopez also
called his brother, Jeffrey, to assist them in committing the robbery.  Jeffrey
and two males drove up to Powell=s house and appellant joined them in
the car.  Appellant followed the plan by calling Finkelman numerous times and
negotiating the purchase of 250 pills.  Appellant testified that Finkelman
agreed to the drug deal only because he trusted appellant. 

Appellant, Jeffrey Lopez, and the two
males arrived at a local park where they were supposed to meet with Finkelman. 
Appellant realized that guns were in the car when Jeffrey inadvertently discharged
a gun while they were waiting in the car for Finkelman to arrive at the park. 
After Finkelman arrived, appellant got into Finkelman=s car with Dontae Moore, one of the
males.  Appellant told Finkelman that Moore wanted to buy the pills, and
Finkelman demanded money for them.  Moore pulled out a gun and demanded that
Finkelman give him all his pills.  Finkelman handed over two bottles of pills
and then reached for the gun.  A first shot went off and missed Finkelman, but
Moore fired more shots, killing Finkelman.  Appellant also was shot as he fled
the car.

Appellant originally was indicted for
capital murder for causing Finkelman=s death during the robbery.  The
State reduced the charge to aggravated robbery in exchange for appellant=s guilty plea without an agreed
recommendation as to punishment.  At the sentencing hearing, the State
acknowledged that appellant cooperated and testified at Moore=s trial, and that his testimony was
crucial to its successful prosecution of Moore.  The trial court sentenced
appellant to confinement for 18 years.  

 

 








Analysis

In his sole issue on appeal,
appellant asserts that the trial court violated his Eighth Amendment right
against cruel and unusual punishment when it sentenced him to confinement for
18 years for the offense of aggravated robbery.  Appellant contends that this
punishment was disproportionate because, although he facilitated the robbery,
he did not plan it and did not know initially that guns would be used during
the robbery.  Appellant had no prior criminal history; he was 15 years old at
the time of the robbery.  He was the only truthful and cooperative accomplice
in the case.

A.        Preservation

To preserve a complaint for appellate
review, a party must  present to the trial court a timely request, objection,
or motion stating the specific grounds for the ruling desired. Tex. R. App. P.
33.1(a).  The constitutional right against cruel and unusual punishment may be
waived by failing to object.  Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  Because appellant failed to
object on grounds of cruel and unusual punishment at the sentencing hearing or
in his motion for new trial, he failed to preserve error for review. 

B.        Merits 

However, even if appellant had
preserved his complaint for review, we would find no merit in it because he
failed to show that his punishment was disproportionate.  

Generally, a sentence within the
statutory range of punishment for an offense will not be held to be cruel or
unusual under the United States Constitution. Ajisebutu v. State, 236
S.W.3d 309, 314 (Tex. App.‑Houston [1st Dist.] 2007, pet. ref=d).  Appellant was convicted of 
aggravated robbery.  The statutory range of punishment for this first degree
felony offense is five to 99 years or life and a fine not to exceed $10,000.  See
Tex. Penal Code Ann. '' 12.32, 29.03 (Vernon 2003).  Appellant was assessed
confinement of 18 years, which is at the lower end of the statutory punishment
range.








In Solem v. Helm, 463 U.S.
277, 290 (1983), the Unites States Supreme Court held that criminal sentences
must be proportionate to the crime, and that even a sentence within the
statutorily prescribed range may violate the Eighth Amendment.  The Court
analyzed proportionality by examining (1) the gravity of the offense and the
harshness of the penalty; (2) the sentences imposed for similar crimes in the
same jurisdiction; and (3) sentences imposed for the commission of the same
crime in other jurisdictions.  Id. at 292.  Punishment is grossly
disproportionate to a crime only when an objective comparison of the gravity of
the offense against the severity of the sentence reveals the sentence to be
extreme.  See Harmelin v. Michigan, 501 U.S. 957, 1001(1991) (Kennedy,
J., concurring) (citing Solem, 463 U.S. at 288, 303).  The remaining
factors of the Solem test will be considered only Ain the rare case@ that the sentence is grossly
disproportionate to the offense.  Id. at 1005 (citing Solem, 463
U.S. at 298-300).

Thus, in conducting an Eighth
Amendment proportionality analysis, we first make a threshold comparison of the
offense against the severity of the sentence, judging the gravity of the
offense in light of the harm caused to the victim or society and the
culpability of the offender.  Ajisebutu, 236 S.W.3d at 314.       

Appellant claims that his punishment
was disproportionate to the offense committed because he did not plan the
aggravated robbery; he was only 15 years old and high on drugs at the time of
the robbery; he did not know the other co-actors had guns until Jeffrey Lopez
accidently discharged his gun and Moore pulled out his gun in Finkelman=s car; he cooperated with the State
and his testimony was key to the State securing Moore=s conviction; he had no prior
convictions; and he pursued drug rehabilitation after the incident. 








Appellant=s culpability in this case is
evident.  Appellant admitted that, without his participation, the aggravated
robbery and death of Finkelman would not have occurred. Appellant called
Finkelman and set up a sham drug purchase to facilitate the aggravated robbery
of Finkelman after he had been shorted one pill in an earlier drug deal.  Appellant
arranged the meeting knowing that Finkelman would agree to meet with appellant
because he trusted him.  Although appellant claimed he did not plan the
aggravated robbery, he was instrumental in setting it up; he continued to
participate in the crime knowing that at least one of the co-actors had a gun;
he did not withdraw when Moore threatened Finkelman with a gun; and fled the
car only after Moore started shooting.

Appellant took advantage of Finkelman=s trust and acknowledged that
Finkelman agreed to the sham drug deal only because he trusted appellant;
appellant testified that A[i]f it weren=t for me, [Finkelman] wouldn=t have died; and I understand that I
was -- I was one of the main ones because if he wouldn=t have trusted me, he most likely
would have backed out of the deal.@  Moreover, the harm caused to
Finkelman could not have been more severe; he was shot and killed during the
robbery appellant set up.  

Therefore, judging the gravity of the
offense in light of the harm caused to Finkelman and the culpability of appellant,
we conclude that the sentence was not so extreme as to be grossly
disproportionate.  Because this does not present one of the rare cases in which
the assessed sentence is grossly disproportionate to the offense, we need not
consider the remaining factors of the Solem test.

C.        Ineffective
Assistance of Counsel

Appellant claims in a footnote that
he received ineffective assistance of counsel because his trial counsel failed
to preserve error to his complaint that his sentence constituted cruel and
unusual punishment violating his rights under the Eighth Amendment.  We note
that appellant does not provide any argument with regard to this ineffective
assistance claim.  Additionally, appellant cannot prevail on an ineffective
assistance claim because he cannot show that his trial counsel performed
deficiently.  








In order to argue successfully that a
trial counsel=s failure to object amounted to ineffective assistance, appellant must
show that the trial court would have committed error in overruling such an
objection.  Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App.
1996).  Appellant cannot meet this burden.  As discussed above, appellant=s sentence was not  disproportionate
and did not constitute cruel and unusual punishment.  Therefore, had appellant=s trial counsel objected to the
assessed sentence on Eighth Amendment grounds, the trial court would not have
committed error in overruling that objection.  Appellant=s trial counsel was not deficient.

Accordingly, appellant=s sole issue is overruled and the
trial court=s judgment is affirmed.                        

 

 

                                                                         


/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed April 17, 2008.

Panel consists of Chief Justice
Hedges, and Justices Anderson and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).