Affirmed and Memorandum Opinion filed July 1, 2008








Affirmed and Memorandum Opinion filed July 1, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00408-CR

_______________

 

FEDERICO M. GARZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1077211

                                                                                                                                                

 

M E M O R
A N D U M  O P I N I O N

In a
single issue, appellant, Federico M. Garza, contends his sentence for aggravated
assault violates constitutional and statutory prohibitions against cruel and
unusual punishment.  Because appellant failed to preserve his complaint for
appellate review, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








Appellant
pleaded Aguilty@ to aggravated assault.  The trial
court deferred adjudication, placed appellant on community supervision for
three years, and assessed a fine.  Subsequently, the State filed a motion to
adjudicate guilt, alleging appellant violated several conditions of community
supervision.  At a hearing on the motion, appellant pleaded Atrue@ to these allegations but offered
various explanations for the violations.  The trial court found the allegations
were true and adjudicated appellant=s guilt.  The trial court sentenced
appellant to six-years= confinement and assessed a fine.  This appeal followed.

In his
sole issue, appellant contends the six-year sentence violates the prohibitions
against cruel and/or unusual punishment prescribed by the United States
Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure.[1] 
See U.S. Const. amend. VIII; Tex. Const. art. I, ' 13; Tex. Code Crim. Proc. Ann. art.
1.09 (Vernon 2005).[2] 
Specifically, appellant argues the sentence is grossly disproportionate to the
severity of the offense. 

To
preserve error for appellate review, a party must make a timely request,
objection, or motion, stating the specific grounds for the desired ruling.  See
Tex. R. App. P. 33.1(a) (1).  The constitutional and statutory rights to be
free from cruel and/or unusual punishment may be waived by failing to object.  See
Ajisebutu v. State, 236 S.W.3d 309, 311B13 (Tex. App.CHouston [1st Dist.] 2007, pet. ref=d); Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d); Quintana v. State, 777
S.W.2d 474, 479 (Tex. App.CCorpus Christi 1989, pet. ref=d).  In this case, appellant did not
object that his sentence constitutes cruel and unusual punishment during the
hearing at which the sentence was imposed or in any post-trial motion. 
Therefore, appellant waived his complaint.

 








Accordingly,
we overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed July 1,
2008.

Panel consists of Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The United States Constitution prohibits cruel and
unusual punishment while the Texas Constitution and Texas Code of Criminal
Procedure prohibit cruel or unusual punishment.  See U.S. Const.
amend. VIII; Tex. Const. art. I, '
13; Tex. Code Crim. Proc. Ann. art. 1.09 (Vernon 2005)





[2]  In his brief, appellant references article 1.01,
which merely states the correct title of the Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art. 1.01 (Vernon 2005).  Appellant clearly means to
cite article 1.09, which prohibits cruel and unusual punishment.  Tex. Code
Crim. Proc. Ann. art. 1.09.