Opinion issued October 9, 2008













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00027-CR




BOBBY DAMON LEE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1110265




MEMORANDUM OPINION
          Appellant, Bobby Damon Lee, appeals from a judgment convicting him for 
aggravated sexual assault of a child. See Tex. Penal Code Ann. § 22.021 (Vernon
Supp. 2008). Appellant pleaded guilty without an agreed recommendation and was
sentenced to five years in prison by the trial court. In his sole issue, appellant asserts
the trial court erred by assessing punishment grossly disproportionate to the crime
committed. We conclude appellant waived his complaint about the length of his
sentence by failing to object on those grounds to the trial court. We affirm.
Procedural Background
          Appellant pleaded guilty without an agreed recommendation to the felony
offense of aggravated sexual assault of a child, a first degree felony with a
punishment range of five to 99 years or life and up to a $10,000.00 fine. See id. At
the sentencing hearing, the trial court considered a pre-sentence investigation report
and testimony from two witnesses. At the end of the hearing, the State asked for
penitentiary time and appellant asked for “probation.” Defense counsel further stated,
“if this court does not deem fit to place him on probation, then I would ask the court
to consider assessing at the very minimal side of the range of punishment.” The trial
court assessed appellant’s punishment at five years in prison. After appellant was
sentenced, his trial counsel neither objected to the sentence nor filed a motion for new
trial.
 
Waiver of Sentencing Complaints
          Appellant contends that his five year sentence is excessive and grossly
disproportionate to the crime committed and violates his constitutional right under
the Eighth Amendment to the United States Constitution, article 1, section 13 of the
Texas Constitution, and article 1.09 of the Texas Code of Criminal Procedure. See
U.S. Const. amend. VIII, Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art.
1.09 (Vernon 2005).
          The State contends appellant waived his complaint by failing to object to the
sentence. A timely request, objection, or motion must be made to the trial court to
properly preserve a complaint for appellate review. Tex. R. App. P. 33.1(a) (1) (A);
Ajisebutu v. State, 236 S.W.3d 309, 311 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d). An appellant waives the right to complain that his sentence constitutes cruel
and unusual punishment and violates his due process rights by failing to object on
those grounds to the trial court. Benson v. State, 224 S.W.3d 485, 498 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d). We hold appellant waived his challenge
to his five year sentence by failing to assert any objections to the trial court.
 
 
                                                   Conclusion
          We affirm the judgment of the trial court. 

                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Alcala 

Do not publish. See Tex. R. App. P. 47.2(b).