Opinion to: SJR TGT TJ EVK ERA GCH LCH JB JS













Opinion issued November 19,
2009

 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00048-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KeeshAunar Michelle Cantley, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1094552    

 

 



MEMORANDUM OPINION

          Appellant, Keeshaunar Michelle
Cantley, was indicted for injury to a child by omission resulting in serious
bodily injury.[1]
After a plea of guilty to the court without an agreed punishment recommendation,
appellant was found guilty and the court assessed her punishment at thirty years
confinement.  In a single issue, appellant
asserts that the sentence imposed violates her Eighth Amendment right to be
free from cruel and unusual punishment.  We
determine whether this issue was preserved for review on appeal.  Finding that it was not, we affirm.

Facts

When Ms.
Cantley discovered her 21-month-old daughter, Aanya, cold and unresponsive at
home in bed early one morning, she called 911, and the child was taken to a
nearby hospital where she was pronounced dead.  The cause of death was undetermined.  One of the police officers who responded to
the 911 call noticed bruising on the child’s right eyelid and both sides of the
child’s stomach and back.  

According
to Ms. Cantley’s account to the police at the hospital, she and Aanya had
fallen asleep watching television in Ms. Cantley’s bedroom.  Ms. Cantley awoke, noted the child asleep, carried
her to the child’s own bed, and returned to sleep.  Ms. Cantley later awoke to her alarm at 4:35
a.m., went to change the child’s diaper, and noted that the girl’s leg was
cold.  Ms. Cantley tried to revive the
child and then called 911.  The only
event that Ms. Cantley speculated could have caused the child’s injury was a
fall from a dining room chair, but, according to Ms. Cantley, Aanya got up
after the fall, did not cry, and then climbed into another chair. 

After an
autopsy, the cause of death was determined to be multiple blunt traumas to the
abdomen, resulting in a lacerated liver and pancreas.  When informed of the cause of death, Ms.
Cantley maintained that the complainant’s injuries were from the fall from the
chair.  Child Protective Services (“CPS”)
had previously investigated two prior incidents involving appellant’s children,
including alleged physical abuse of Aanya by Carl Robinson, appellant’s live-in
boyfriend, when Aanya was 18 months old. 
Although asked if Robinson was present that night, Ms. Cantley never­­­
admitted that he had been present.  

The
following day, after being told that capital murder charges against her had
been accepted, Ms. Cantley admitted that Robinson had been at the house the
night of Aanya’s injuries and she advised officers to speak to Robinson about Aanya’s
death.  Ms. Cantley explained that she
had been afraid to mention this earlier because there had been a “CPS order”
not to have Robinson near her children.[2]

A few
months later, Ms. Cantley gave a recorded interview to police, in which she
related that Robinson was awake when she awoke that morning, that the cover
seemed oddly neat over the child, and that when she called for Robinson about
Aanya’s condition, he hesitated, and then yelled at appellant before he
performed cardio-pulmonary resuscitation on the child.  She also explained that, after she called 911,
she remembered that Robinson was not supposed to be there and feared that her
son would be taken from her, and that Robinson had told her that he was going
to get help, but drove off, and never returned. 

Ms.
Cantley was subsequently indicted for intentionally and knowingly causing
injury to a child by omission resulting in serious bodily injury.  The indictment contained seven paragraphs alleging six
different manners and means and the use or display of a deadly weapon.  The State abandoned two of the paragraphs
charging alternate manners and means as well as the deadly weapon
paragraph.  The remaining paragraphs, to
which Ms. Cantley pleaded guilty, charged her with the omissions of (1) failing to seek
proper medical care for the complainant; (2) failing to provide a safe
environment for the complainant; (3) failing to protect the complainant from
physical abuse; and (4) violating a court order that prohibited Carl Robinson
from contact with the complainant.  

           Ms. Cantley pleaded guilty without an agreed
punishment recommendation.  After
admonishing Ms. Cantley, the court accepted her plea and admitted State’s
exhibit 1, which consisted of Ms. Cantley’s waiver of constitutional rights,
her agreement to stipulate, and her judicial confession.  The trial court then found that there was
sufficient evidence to find Ms. Cantley guilty, but withheld a finding of guilt,
and reset the case pending a “presentence investigation hearing.”  

Eight
months later, the case was reconvened, and the trial court considered the
presentence investigation report and heard arguments from the State and Ms.
Cantley.  The State asked for forty years
in prison and the defense asked for community supervision.  Ms. Cantley also pleaded true to a separate
motion to adjudicate an unrelated forgery offense[3]
and the trial court adjudicated Ms. Cantley guilty of the forgery case and
found Ms. Cantley guilty of injury to a child.  The court assessed Ms. Cantley’s punishment at
two years state jail confinement for the forgery and thirty years confinement
in prison for the injury to a child.  Ms.
Cantley’s counsel made no objection to either sentence and filed no motion for
new trial.  Ms. Cantley timely filed her pro
se notice of appeal.

PRESERVATION OF COMPLAINT

          In her sole point of error, appellant contends
that the trial court’s imposition of a thirty year sentence,[4]
although within the range of punishment provided for this offense,[5]
violates the prohibition against excessive sentences contained in the Eighth
Amendment to the United States Constitution. 
Appellant acknowledges that Texas courts have held that a sentence that
is assessed within the range of punishment prescribed by the Legislature is not
excessive, cruel, or unusual, but points out that a narrow exception to this
rule exists when the sentence assessed is grossly disproportionate to the crime.[6]  See
Solem v. Helm, 463 U.S. 277, 288, 103 S. Ct. 3001, 3008–09 (1983).

The State
responds that this issue was not preserved for our review because no specific
objection to the sentence on Eighth Amendment grounds was made to the trial
court.

The record is
devoid of any objections regarding the sentence imposed.  Appellant also lodged no complaint on the
ground now asserted on appeal that the sentence violated appellant’s
constitutional rights under the Eighth Amendment or that the sentence was cruel
and unusual, excessive, or grossly disproportionate to the offense.  

Appellant
argues on appeal that her “long-standing belief that probation (deferred
adjudication) was the appropriate punishment,” as expressed in the “context of
the ‘PSI’,” coupled with her “‘objection’ to [the] length of [her] sentence in
her pro-se notice of appeal,” was sufficient to preserve for appellate review
her current complaint that the sentence imposed was grossly disproportionate to
the offense and thus violated the Eighth Amendment’s prohibition against cruel
and unusual punishments.  Appellant cites
to the general preservation requirements of Texas Rule of Appellate Procedure
33.1 and our opinion in Ajisebutu v. State
for support of her contention that she preserved her Eighth Amendment
complaint for appellate review.  See Tex.
R. App. P. 33.1(a)(Vernon 2003); Ajisebutu
v. State, 236 S.W.3d 309 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  

          Rule
33.1(a) provides that 

[a]s
a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request,
objection, or motion that . . . stated the grounds . . . with sufficient
specificity to make the trial court aware of the complaint, unless the specific
grounds were apparent from the context . . . [and] the trial court . . . ruled
on the request, objection, or motion . . . or refused to rule . . . and the complaining
party objected to that refusal. 

 

Tex. R. App. P. 33.1(a).  We
note that constitutional rights, including the Eighth Amendment right to be
free from cruel and unusual punishment, can be waived by a failure to raise a
complaint on specific constitutional grounds in the trial court.  See Rhoades
v. State,  934 S.W.2d 113, 120 (Tex.
Crim. App. 1996) (holding that complaint of violation of constitutional right
to be free from cruel and unusual punishment was forfeited when no objection on
this basis was made to trial court); Noland
v. State, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d) (holding that appellant failed to preserve appellate complaint that
sentence was grossly disproportionate, and therefore violative of Eighth
Amendment, when no such specific objection to sentence was made at punishment
or in motion for new trial); Wynn v.
State, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.)( stating
that “[f]ail[ure] to object in the trial court to an alleged disproportionate
sentence waives any error”); Solis v.
State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d)
(holding that, because appellant did not object in trial court to alleged
disproportionality of sentence, 
appellant waived any error). 

In Ajisebutu, we adhered to this
well-established principle, noting that, although no objection was made to his
sentence at the appellant’s punishment hearing, the appellant had specifically
objected that his “punishment . . . [was] excessive and violate[d] the
prohibition against cruel and unusual punishment” in his motion for new trial.  See
Ajisebutu, 236 S.W.3d at 313.  We
then assumed, without deciding, that the specific objection made by the
appellant in his motion for new trial was sufficient to preserve an Eighth
Amendment complaint for review on appeal.  Id.
at 313, 314 n.4. 

In the
present case, however, appellant did not object on Eighth Amendment grounds,
nor did she object that the sentence was “grossly disproportionate,” at either
the punishment hearing or in a motion for new trial.
Her subsequent pro se notice of
appeal, which was appropriately directed to the court clerk, not the judge, was
not a “complaint made to the trial court by timely request, objection, or
motion,” did not seek a ruling from the trial court, and did not state the
specific grounds of which appellant now complains on appeal.[7]  See Tex. R. App.
P. 33.1(a)(1)(A).  Appellant’s “belief”
that deferred adjudication was the appropriate sentence was likewise not a
complaint to the trial court. We hold that appellant failed to preserve her complaint
for our review.  See Rhoades, 934 S.W.2d at 120; Noland,
264 S.W.3d at 152; Wynn, 219 S.W.3d
at 61; Solis, 945 S.W.2d at 301.  We overrule appellant’s
sole point of error.

CONCLUSION

 

          We
affirm the judgment of the trial court. 

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings,
Higley, and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1]              Tex. Penal Code Ann. § 22.04(a)(1), (b)(1)
(Vernon  Supp. 2009).  

 





[2]               Ms. Cantley also later submitted a written statement
that was made part of the presentence investigation report (“PSI”) in which she
stated that Robinson killed the child and that she failed to seek medical
attention and failed to protect her child from physical abuse, but had not
known that the abuse was going on in her home. 
Ms. Cantley told the interviewer for the PSI that she was guilty of the
offense because she made a “bad decision” to keep Robinson in the household,
even after “C.P.S. issued an order not to have him near her children.” Ms.
Cantley also later told a “level of service” evaluator that Robinson had been
abusive toward her,  that he lived with
her and watched her children while she worked, that the child had previously
suffered burns to her back while in Robinson’s care,  that a CPS official had told her not to allow
Robinson to live with them, that she had told officers that she was alone the
night of the complainant’s death because Robinson was not allowed to be around
the children, and that she should not have allowed her abusive boyfriend to
care for her children. 





[3]           At the time that underlying offense of injury to a child took place,
Ms. Cantley was on deferred adjudication community supervision for a forgery
offense.  

 





[4]               Because appellant’s sole issue relates to
punishment, it may be reviewed on appeal even though appellant pleaded guilty
without an agreed punishment recommendation. 
See Jack v. State, 871 S.W.2d 741, 743 (Tex. Crim. App. 1994) (holding
that non-negotiated plea of guilty does not waive non-jurisdictional defects
that occur at, or after, entry of plea, such as error during punishment).

 





[5]               Injury to a child by omission causing serious bodily
injury, when committed intentionally or knowingly, is a first-degree felony and
carries a punishment range of imprisonment for life or for any term not more
than 99 years or less than five, and, additionally, a fine not to exceed
$10,000.  See Tex. Penal Code Ann. §§ 12.32, 22.04(a), (e), (Vernon Supp. 2009).

 





[6]               Appellant also complains on appeal that the sentence
violates her rights under Article I, Section 13 of the Texas Constitution.  However, because appellant failed to provide
distinct authorities or arguments pertaining to her state constitutional
complaint, she has forfeited consideration of that complaint on appeal.  See
Shuffield v. State, 189 S.W.3d
782, 788 (Tex. Crim. App. 2006) (holding that state constitutional points of
error forfeited when appellant provided only arguments and authorities under
federal law); see also Heitman v. State,
815 S.W.2d 681, 690 n.5 (Tex. Crim. App. 1991) (reaffirming that attorneys
should raise state constitutional argument in separate issue from federal
constitutional arguments and provide distinct substantive analysis and argument
or issue may not be addressed on appeal). 





[7]           In her pro se notice of appeal, appellant did not object that her Eighth
Amendment rights were violated by the sentence or that the sentence was “cruel and
unusual” or “excessive” or “grossly disproportionate.”  Rather, appellant simply stated that she felt
that the judge was biased against her because of the charge, did not make a
fair decision, had too many distractions in the courtroom, and had left the
court in the middle “of the trial” at one point and gone to his office for five
minutes.