**AFFIRM; Opinion Filed March 29, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00302-CR

**DETION HENDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 16-50722-422-F**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen
Opinion by Justice Schenck

Detion Henderson appeals his conviction for aggravated robbery. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On November 29, 2016, appellant was indicted for aggravated robbery while exhibiting a deadly weapon. The State later filed a notice of intent to enhance, urging appellant was previously convicted of the felony offense of aggravated robbery with a deadly weapon. On October 26, 2017, appellant entered an open plea of guilty to the charge contained in the indictment. Before he entered his plea, the trial judge cautioned him that the punishment range for the charged offense and the enhancement paragraph was a minimum period of incarceration of 15 years and a maximum of 99 years or life, with an optional fine not to exceed $10,000. After accepting

appellant's pleas of guilty to the charged offense and true to the enhancement paragraph, the trial court conducted a hearing to determine appellant's sentence. At the conclusion of that hearing, the trial court sentenced appellant to 50 years' confinement. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## DISCUSSION

In his first issue, appellant urges that his sentence violates the Eighth Amendment to the U.S. Constitution because his sentence was "grossly disproportionate to the crime and inappropriate to the offender." In his second issue, appellant maintains his sentence violates Article I, Section 13 of the Texas Constitution for the same reason.

The State responds that appellant failed to preserve either issue for appeal because he did not object when he was sentenced and his motion for new trial did not address either complaint.

To preserve error for appellate review, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *See Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. ref'd, untimely filed) (holding appellant failed to preserve issue his assessed punishment "was grossly disproportionate to his alleged conduct" in violation of his Eighth Amendment rights); *Ajisebutu v. State*, 236 S.W.3d 309, 313 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding appellant failed to preserve issue his assessed punishment was cruel and unusual in violation of Article I, Section 13 of the Texas Constitution). Appellant did not object when the trial court pronounced his sentence, and his motion for new trial argued only that his "conviction was contrary to the law and evidence." Because appellant made no objection when he was sentenced, and his motion for new trial did not address these complaints, he has not preserved the issues for appellate review. *See id.*

Accordingly, we overrule appellant's first and second issues.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
180302F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DETION HENDERSON, Appellant

No. 05-18-00302-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 16-50722-422-F.
Opinion delivered by Justice Schenck, Justices Brown and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of March, 2019.