**AFFIRMED and Opinion Filed December 4, 2020**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-19-01326-CR

### CARLA JAURICE RAMSEY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-19-0220**

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Evans
Opinion by Justice Evans

Appellant Carla Jaurice Ramsey appeals from the trial court's judgment convicting her of aggravated assault with a deadly weapon. In a sole issue, appellant asserts that her thirty-year sentence constituted cruel and unusual punishment. We affirm.

## BACKGROUND

The indictment charged appellant with a first-degree felony of aggravated assault on a family member with a deadly weapon and causing serious bodily injury. At the plea hearing, the State advised appellant that the crime had a punishment

range of five to ninety-nine years, to life, in the Texas Department of Criminal Justice, Institutional Division, and a fine not to exceed $10,000. Appellant acknowledged the punishment range, entered a plea of guilty before the trial court and waived a jury trial.

At the sentencing hearing, Brandon Rabeler, a trauma surgeon at Baylor University Medical Center, testified that he treated Matthew Juarez who arrived with stab wounds to the back and chest. Dr. Rabeler testified that "[t]he patient arrived, stab wounds to the back and chest, basically right square in the middle of his sternum, confused, agitated, a bit combative, and low blood pressure. All those things tell me that he is probably nearing extremis or near death." Dr. Rabeler testified that Juarez had a lot of blood around his heart because the knife had gone through the sternum, the bone, and then through the heart. Juarez required surgery and Dr. Rabeler discovered a two to three centimeter wound through the right front ventricle. Both the front and back were penetrated, so Dr. Rabeler had to repair the back side as well.

John Bivens, an officer with the Royce City Police Department, responded to a dispatch call regarding a stabbing and located Juarez lying on his back in the bathroom of his residence. Juarez was actively bleeding, had a stab wound in his chest, and was conscious but breathing heavily and sweating profusely. Officer Bivens testified that he had encountered appellant and Juarez before due to domestic violence altercations.

Juarez testified that at the time of trial, he had been married to appellant for a year. Juarez testified that appellant had stabbed him three times prior to the stabbing in this case.

Following the punishment hearing, the trial court sentenced appellant to thirty years confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant then filed this appeal.

## ANALYSIS

### C. Cruel and Unusual Punishment

Appellant asserts her thirty-year sentence violates the prohibition against cruel and unusual punishment in both the U.S. and Texas Constitutions.

#### i) Preservation of error

Appellant concedes in her brief that "[a] defendant must normally timely object on cruel and unusual punishment grounds to preserve error in a disproportionate sentence claim on appeal." Appellant asserts, however, that "this requirement is not applicable in the present case because the parties tried the punishment issue over a period of 3 days with multiple witnesses" and because the cruel and unusual punishment prohibition in the U.S. and Texas Constitutions is a "fundamental right not to be deemed forfeited by the preservation of error rules." We disagree.

As an initial matter, for error to be preserved, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1).

–3–

Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). In *Castaneda*, the trial court concluded that appellant had failed to preserve the issue for review because he failed to object to the sentence as violating his constitutional rights at either the announcement of sentence or by post-trial motion. *Id.* Similarly, in this case, appellant failed to make an objection at either the time of sentencing or by post-trial motion. We further note that appellant fails to cite any case law in support of her assertion, nor have we located any, that she is exempt from timely objection because the punishment hearing took place over three days. For all these reasons, appellant has failed to preserve this issue for appeal.

### ii) Sentence fell within the statutory range

Notwithstanding appellant's failure to preserve error, however, her argument fails. Appellant was charged with aggravated assault with a deadly weapon, a first-degree felony. *See* TEX. PENAL CODE § 22.02(a),(b). The penal code provides that an individual who is adjudged guilty of a first-degree felony "shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years." *Id.* at § 12.32(a). Generally, punishment assessed within the statutory range is not unconstitutionally cruel and unusual. *Castaneda v. State*, 135 S.W.3d at 723; *Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual

under the Constitution of either Texas or the United States."). Although appellant's sentence was well within the statutory range, he argues that the "issue of disproportionality remains viable in this particular case." In regard to the concept of disproportionality, the Texas Court of Criminal Appeals has instructed as follows:

> An allegation of disproportionate punishment is a valid legal claim. The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense. But, this is a narrow principle that does not require strict proportionality between the crime and the sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime. While the United States Supreme Court has acknowledged the lack of clarity in its precedent regarding what factors may indicate gross disproportionality, it has nevertheless emphasized that a sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case. Moreover, this Court has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual.

*State v. Simpson*, 488 S.W.3d 318, 322–23 (Tex. Crim. App. 2016) (internal citations omitted). To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Id.* at 323. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.*

Here, appellant was sentenced to eighteen months longer than one-quarter of the maximum statutory range[1] and he does not direct us to evidence or similar cases for comparative evaluation. Further, we note that the record supports the severity of the degree of harm appellant inflicted on Juarez: stabbing him through his heart almost causing his death. Thus, even if appellant had preserved error, we cannot conclude that appellant's sentence is grossly disproportionate to her crime. For all of these reasons, we overrule appellant's sole issue.

## CONCLUSION

We resolve appellant's issues against her and affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
191326F.U05

---

[1] The midpoint between 5 and 99 years is 52 years; the midpoint between 5 and 52 years is 28 ½ years. Appellant was sentenced to 30 years.



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

CARLA JAURICE RAMSEY,
Appellant

No. 05-19-01326-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 439th Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-19-0220.
Opinion delivered by Justice Evans.
Justices Myers and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered December 4, 2020.