

# NUMBER 13-21-00179-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LARRY DEAN ESQUIVEL,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 36th District Court
## of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Larry Dean Esquivel appeals the trial court's judgment revoking his community supervision and sentencing him to two years' imprisonment for possession of a controlled substance, less than one gram of methamphetamine, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). In one issue, Esquivel argues his

sentence of a two-year prison term constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I, § 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. We affirm.

## I. BACKGROUND

On May 8, 2019, Esquivel entered an open plea of guilty, and the trial court sentenced him to two years' imprisonment. The trial court suspended Esquivel's sentence of confinement and placed him on community supervision for a term of five years. On July 1, 2020, the State filed a motion to revoke community supervision, alleging Esquivel violated the terms of his community supervision by admitting to a relapse of methamphetamine on January 23, 2020, failing to report to his community supervision officer, and financial arrearages.

At the motion to revoke hearing, Esquivel pleaded true to each allegation. The trial court admitted Esquivel's stipulation and his presentence investigation report into evidence. Esquivel testified that he agreed that the trial court should revoke his community supervision. The State informed the trial court that it recommended a twelve-month jail sentence.

The trial court found each alleged violation to be true, revoked Esquivel's community supervision, and sentenced Esquivel to two years' imprisonment. This appeal followed.

## II.    CRUEL & UNUSUAL PUNISHMENT

In his sole issue, Esquivel argues that a two-year sentence violates the cruel and unusual punishment clause of the Eighth and Fourteenth Amendments to the United States Constitution and article I, § 13 of the Texas Constitution because the sentence was grossly disproportionate to the conduct. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. The State contends that Esquivel failed to object at the revocation hearing or bring a sufficient record to prove his claim of a disproportionate sentence. Alternatively, the State asserts a sentence within the punishment range is clearly not excessive or disproportionate.

### A.    Applicable Law

An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (providing that a sentence is unlikely to be disturbed on appeal if it is assessed within the legislatively determined range); *see*

3

TEX. PENAL CODE ANN. § 12.35 ("[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.").

To preserve for appellate review a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

## B.   Analysis

Esquivel did not object in the trial court that the Texas Constitution afforded him broader rights than the United States Constitution. *See* TEX. R. APP. P. 33.1. Accordingly, we hold that Esquivel failed to preserve this complaint for our review. *See id.; Smith*, 721 S.W.2d at 855; *Navarro*, 588 S.W.3d at 690. The State argues that Esquivel failed to preserve his federal proportionality claim.[1] We assume without deciding that Esquivel did

---

[1] We acknowledge that Esquivel filed a motion for new trial. However, Esquivel did not: request a hearing, attach an affidavit, set out any factual basis for his claim, present any *Solem* factors, or argue that his sentence violated the Eighth or Fourteenth Amendments of the United States Constitution or Article I, § 13 of the Texas Constitution. *See Solem v. Helm*, 463 U.S. 277, 290–91, (1983); *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009) ("A motion for new trial must be supported by an affidavit specifically setting out the factual basis for the claim."); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) ("In order for an issue to be preserved on appeal, there must be a timely objection which *specifically* states the legal basis for the objection.") (emphasis added); *see also Ajisebutu v. State*, 236 S.W.3d 309, 313 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that defendant failed to preserve

4

preserve the claim.

However, even when assuming for purposes of Esquivel's argument the viability of a proportionality review, we nonetheless conclude that Esquivel has not demonstrated "gross disproportionality." To determine whether a sentence is grossly disproportionate, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323. "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.*

Even if we assume Esquivel successfully met the first prong of the *Simpson* test, there is no evidence in the record that would allow the court to "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* Thus, because the trial court had no evidence before it that would allow it to engage in the comparative analysis detailed in *Simpson*, we cannot conclude it erred by sentencing Esquivel within the statutory guidelines. *See* TEX. PENAL CODE ANN. § 12.35 ("[A]n individual adjudged

---

for review his claim that his sentence was in violation of state law when he did not "state any specific constitutional or statutory provision" in his motion for new trial other than a "general objection based on federal and state constitutional grounds"). Moreover, Esquivel does not challenge the trial court's denial of his motion for new trial, nor does he acknowledge the motion for new trial on appeal.

guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days."); *Simpson*, 488 S.W.3d at 322–23. We overrule Esquivel's sole issue.

## III.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of December, 2022.