**Opinion issued August 29, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00695-CR

———————————

**RYAN HUNTER BRAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1291950**

---

## O P I N I O N

Appellant Ryan Hunter Brand pleaded guilty to aggravated robbery without an agreed recommendation as to punishment. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). After completion of a presentence investigation report, or PSI, the

trial court conducted a sentencing hearing and sentenced Brand to eight years in prison. In his sole issue on appeal, Brand argues that the trial court erred by failing to order, sua sponte, that a psychological evaluation be included in the PSI. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(i) (West Supp. 2011). But because the trial court had no independent duty to develop evidence of Brand's mental health in the PSI, we affirm.

The trial court has discretion to order the preparation of a PSI. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(d) ("When the judge assesses the punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code . . . ."); *Johnson v. State*, 357 S.W.3d 653, 654 n.1 (Tex. Crim. App. 2012). The Code of Criminal Procedure specifies the contents of PSIs:

> [B]efore the imposition of sentence by a judge in a felony case . . . the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim, the criminal and social history of the defendant, and any other information related to the defendant or the offense requested by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(a). The PSI in this case detailed Brand's family and criminal history, including reference to his mental health status and history. The PSI also included an evaluation of his probability of recidivism, a report called a Level of Service Inventory-Revised, commonly known as an LSI-R. *See Bonnee v. State*, No. 14-11-00603-CR, 2012 WL 3862029 at *1 n.1 (Tex.

2

App.—Houston [14th Dist.] Sept. 6, 2012, no pet.) (mem. op.); *see also Schulte v. State*, No. 01-10-00100-CR, 2012 WL 5381210 at *2 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, no pet.) (mem. op., not designated for publication).

If the felony defendant "appears to the judge through its own observation or on suggestion of a party to have a mental impairment," then the PSI is required to include a psychological evaluation, the reports of which shall be included in the report. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 9(i). Under the doctrine of regularity, we presume the trial court would have ordered a psychological evaluation if it had observed that Brand was suffering from a mental impairment. *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Brand alleges that the PSI was inadequate because it lacked a more complete mental health evaluation. But in the trial court he did not challenge either the general adequacy of the PSI or its specific failure to include a more complete psychological evaluation. Brand acknowledges that a party must object to the omission of a psychological evaluation to preserve error, but he nevertheless argues that we should not consider the objection waived in this appeal because trial counsel did not have access to important information such as the opinion in *Welch v. State*, 335 S.W.3d 376 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd), and the contents of his LSI-R. He also suggests that not addressing the issue now

3

would merely delay the examination of Brand's psychological condition until later proceedings, such as a postconviction claim of ineffective assistance of counsel.

Both arguments lack merit. Trial counsel had access to both the *Welch* opinion, which issued five months before Brand's first sentencing hearing, as well as the contents of the LSI-R, as trial counsel acknowledged at the beginning of the sentencing hearing. As for the argument about an inevitable later hearing into the state of Brand's psychology, he does not present an ineffective assistance claim on direct appeal or present any record of evidence beyond mere speculation to suggest that his trial counsel should have noticed a psychological issue that was not already described in the PSI. Accordingly, we conclude that any error was waived on appeal. *See Welch*, 335 S.W.3d at 382.

We affirm the judgment of the trial court.


                                        Michael Massengale
                                        Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Publish.   TEX. R. APP. P. 47.2(b).

4