RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

Stevie Wyre                     x
                                x          In The Court of
        VS                      x          Criminal Appeals
                                x
The State of Texas              x          of Texas
                                x

Pro Se Motion Requesting Leave
to File An Original Copy only of
the Opinion, Judgement For Amend
Petition Discretionary Review

To The Honorable Court of Criminal Appeals of Texas:
    Come Now the Petitioner in the Above-Styled and
Numbered cause and Respectfully move this Honorable Court
Grant leave to file and Amend an Original Copy only
of the Opinion Judgement for Petition Discretionary
Review. (1)The Style and Appeal Number in the 179th
District Court of Harris County, Stevie Wyre vs. the State
of Texas Appeal No. 1364440. (2) The Petitioner move that
pursuant to Rules 2, Texas Rules of Appellant Procedure,
this Court suspend Rules 9.3 (b), Texas Rules of Appellate
Procedure, that require the filing of Eleven (11) Copies of
the Petition for Discretionary Review with the Court
(3) The Fact Relied upon to show good Cause for Request
As follow The Appellant is indigent and incarcerated and
does not have Access to photo Copier.

The Appellant is presently not represented by counsel and intends to file a Pro Se.

Wherefore, Premises Considered the Petitioner Respectfully request that this Honorable Court grant Leave to file and Amend an Original Copy only of the Opinion Judgement of the Petition for Discretionary Review with the Court.

Stevie Wyre [Pro Se]
TDC # 1858012
Eastham Unit
2665 Prison Rd. 1
Lovelady Tx. 75851

Certificate of Service

The Petitioner hereby certifies that a true and correct copy of the foregoing Motion has been mailed via U.S. mailed to the Court of Criminal Appeals of Texas, P.O. Box 12308 Capitol Station Austin, Texas, 78711 on Dec. 26, 2014

Stevie Wyre
Petition, (Pro Se)

Opinion issued August 29, 2014



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-13-00414-CR

---

**STEVIE WYRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Case No. 1364440

---

## MEMORANDUM OPINION

Stevie Wyre pleaded guilty to aggravated sexual assault of a child younger than fourteen years of age without an agreed recommendation on punishment. After a hearing on the presentence investigation (PSI), the trial court found appellant guilty and assessed his punishment at twenty-five years in prison.

In three points of error, appellant contends that (1) he received ineffective assistance of counsel during the PSI hearing, (2) the trial court erred in accepting letters prior to sentencing containing unsworn victim impact statements requesting that appellant be given a life sentence, and (3) appellant's twenty-five year sentence is disproportionately severe and violates the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. We affirm.

## Background

Appellant pleaded guilty to sexually assaulting A.C., his thirteen-year-old stepdaughter.[1] The caseworker with the Texas Department of Family and Protective Services (DFPS) testified at the PSI hearing that all three girls had "a lot of fear in them" and were having a "really hard time disclosing and talking about the abuse." A.C., for example, did not want to celebrate her recent birthday because appellant had sexually assaulted her on her birthday. The caseworker informed all three girls that they "had the opportunity to come [to] court and express their desire" or write out a statement for the court that she would deliver for them. At the conclusion of the caseworker's testimony, the State acknowledged that it had provided copies of the girls' letters to the court and

---

[1] Originally charged with one count of Aggravated Sexual Assault of a Child under 14 (A.C., the complainant), one count of Sexual Assault of a Child 14-17 (M.C.) and Prohibited Sexual Conduct (M.G.), the disposition of the charges regarding the two other sisters is not apparent from the record.

defense counsel. Asked by the court if defense counsel objected to "these being admitted to the PSI report," he replied, "No, Your Honor, I have no objection."

Appellant also testified at the PSI hearing and proved that he was eligible for community supervision (e.g., he had never been convicted in any state of a felony offense, or placed on felony adult probation). He testified that, were the court to place him on community supervision, he would follow the court's rules and work to support his ten dependents. Appellant further testified that he had an eleven-month-old and a five-year-old who needed him, and he asked the court for a second chance so that he could be there for his kids and "be a better father." He acknowledged, however, that if placed on community supervision, he would be prohibited from having any contact with those children and would be under orders to pay child support.

On cross-examination, appellant admitted that he had sexually assaulted his three stepdaughters and had beaten M.G. after she told a school counselor about the ongoing abuse. Nevertheless, appellant testified that he wanted to change his life and that he deserved a second chance because he knew he was a "good father" to his children. Despite his admissions of having sexually assaulted A.C. on two previous occasions, appellant considered himself a good father because he helped her with her homework and cared for her when she was sick.

Both the State and the defense made closing arguments. In closing, the State asked the court to "look at the letters from the children" and to consider all of the evidence in the PSI report. The PSI report was entered into evidence, along with the attached letters. After confirming that the PSI report had been offered and admitted into evidence, the trial court found appellant guilty and assessed his punishment at twenty-five years' incarceration. Appellant did not object to the assessed punishment during the hearing or challenge his assessed punishment in a motion for new trial.

## Disproportionate-Sentence Claim

Appellant's second point of error contends that the trial court erred when it assessed his punishment at twenty-five years' incarceration because the imposition of such a disproportionately severe punishment in this case violates the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. *See* U.S. CONST. amend. VIII.

Appellant concedes that he has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ."); *see also Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013). He nevertheless contends that we

should reach the merits of his argument because the trial court's imposition of such a disproportionately severe punishment amounts to fundamental error.

Contrary to appellant's position, the right to be free from cruel and unusual punishment pursuant to the Eighth Amendment is a waiveable constitutional right, and, thus, disproportionate-sentence claims must be preserved for appellate review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (noting that constitutional rights, including right to be free from cruel and unusual punishment, may be waived). Here, it is undisputed that appellant did not assert his disproportionate-sentence claim during the punishment hearing nor did he file a motion for new trial or otherwise present his objection to the imposed sentence. As such, appellant has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also Noland*, 264 S.W.3d at 151–52.

Even were appellant to have preserved this complaint for our review, he would still not be entitled to relief. Appellate courts rarely consider a punishment that is within the statutory range for the offense established by the Legislature to be

excessive or unconstitutionally cruel or unusual under either the Texas Constitution or the United States Constitution. *See Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Indeed, the trial court's discretion to impose any punishment within the prescribed range has been described by the Court of Criminal Appeals as being "essentially unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Aggravated sexual assault of a child is a first-degree felony, carrying a punishment range of five to ninety-nine years or life imprisonment in TDCJ. TEX. PENAL CODE ANN. § 12.32(a); *see also* TEX. PENAL CODE ANN. § 22.021(e). Thus, appellant's twenty-five year sentence falls within the statutory range for his offense, and as such, is presumptively neither cruel nor unusual.

An assessed punishment that is within the statutory range, however, must still be proportionate to the underlying offense. *See Ex parte Chavez*, 213 S.W.3d at 323; *Ajisebutu*, 236 S.W.3d at 314. We analyze Eighth Amendment challenges by reviewing the proportionality of the sentence compared to the crime. *See Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 2022 (2010); *Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983). Our objective analysis is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed

6

for the commission of the crime in other jurisdictions. *Id.*; *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Only if we find that the sentence is grossly disproportionate to the offense under the first factor will we then consider the next two factors to determine whether the sentence is unconstitutionally excessive. *Graham*, 560 U.S. at 60, 130 S. Ct. at 2022.

Appellant argues that a twenty-five year sentence is grossly disproportionate to the crime in light of the fact that he was eligible for community supervision (i.e., he has no prior felony convictions and has never been granted adult probation). That appellant was eligible for community supervision, however, is irrelevant to a comparison of the gravity of appellant's offense and the harshness of his sentence. *See Jacoby v. State*, 227 S.W.3d 128, 131 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011). With regard to the second and third prongs, appellant makes a blanket assertion—that "there is evidence in the record . . . reflecting sentences imposed on similar offenses in Texas or other jurisdictions." But no citation to the appellate record is given, and the record contains no such evidence. Indeed, nothing in the record shows that appellant's punishment is grossly disproportionate to the charged crime of sexual assault of a child less than fourteen years of age.[2]

---

[2] We further note that our sister courts have upheld more severe punishments for similarly charged offenses. *See, e.g., Arriaga v. State*, 335 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (holding life sentence for aggravated

7

We overrule appellant's second point of error.

## Unsworn Victim Impact Statements Included in PSI

Appellant's third point of error contends that the trial court erred by "accepting letters from the state containing unsworn victim impact statements." The letters were from the complainant and her sisters, M.G. and M.C., all of whom appellant testified to having sexually assaulted. In these letters, appellant's three stepdaughters expressed their opinion that appellant should be imprisoned for the charged offense. In fact, two of the girls, including the complainant, stated that appellant should be assessed the maximum punishment in this case of life imprisonment.

Here, again, appellant concedes that he did not object to the trial court's consideration of the letters on any ground and has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ."); *see also Landers*, 402 S.W.3d at 254. He nevertheless contends that we should reach the merits of his argument because the trial court's consideration of the letters prior to sentencing in

---

sexual assault of child less than fourteen years of age was not grossly disproportionate to offense and, therefore, constitutionally permissible); *Williamson v. State*, 175 S.W.3d 522, 525 (Tex. App.—Texarkana 2005, no pet.) (holding three consecutive life sentences for three counts of aggravated sexual assault of child less than fourteen years of age not grossly disproportionate to offense and, therefore, constitutionally permissible).

8

violation of Texas Code of Criminal Procedure Article 42.03 amounts to fundamental error.

First, article 42.03, which permits a "victim . . . *to appear in person* to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim," does not apply to victim statements included in PSI reports that are admitted into evidence before the pronouncement of sentencing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West 2006 & Supp. 2013) (emphasis added); *Fryer v. State*, 68 S.W.3d 628, 632 (Tex. Crim. App. 2002) (holding that article 42.03 does not prohibit trial courts from considering victim's punishment recommendations in PSI report and, indeed, article 42.03 has "nothing to do with a PSI at all."). Second, any objections to the admission of a PSI report, including its contents, must be preserved for appellate review. *See Brand v. State*, 414 S.W.3d 854 (Tex. App.— Houston [1st Dist.] 2013, pet. ref'd). That was not done here. *See Moody v. State*, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992); *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988).

Even had appellant preserved this issue, however, his position is untenable. When assessing punishment, a trial court may consider any evidence relevant to sentencing, including the contents of a PSI report. TEX. CODE CRIM. PROC. art. 42.12, § 9; *see Jagaroo v. State*, 180 S.W.3d 793, 799 (Tex. App.—Houston [14th

Dist.] 2005, pet. ref'd) ("The trial court was authorized by statute to consider the PSI report and testimony [of the victim and the victim's relatives] prior to pronouncing punishment."). The Court of Criminal Appeals has recognized that a PSI report may contain evidence that, in the punishment stage of a trial, would have been inadmissible due to its subject matter, and held that a trial court has authority to consider a victim's punishment recommendation when it is contained within a PSI report. *Fryer*, 68 S.W.3d at 632.

We overrule appellant's second point of error.

## Ineffective Assistance of Counsel

Appellant's third point of error contends that he received ineffective assistance of counsel during the PSI hearing based on his trial counsel's failure to object to (1) unsworn victim impact statements that were entered into evidence before his punishment was assessed, and (2) the assessed punishment on the ground that it was cruel and unusual because it was grossly disproportionate to the underlying offense.

## A.    Standard of Review and Applicable Law

To prevail on an ineffective-assistance-of-counsel claim, the defendant must demonstrate, by a preponderance of the evidence, that (1) his trial counsel's performance was deficient and (2) a reasonable probability exists that, but for the deficiency, the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *see also*

*Hernandez v. State*, 988 S.W.2d 770, 770–74 (Tex. Crim. App. 1999) (holding

*Strickland* standard applies to ineffective-assistance-of-counsel claims regarding

noncapital sentencing proceedings). Under the first prong of *Strickland*, the

defendant must show that his counsel's performance fell below an objective

standard of reasonableness. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim.

App. 2006); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The

second prong of *Strickland* requires the defendant to demonstrate prejudice—a

reasonable probability that, but for his counsel's unprofessional errors, the result of

the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct.

at 2068; *Thompson*, 9 S.W.3d at 812. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694,

104 S. Ct. at 2068.

We indulge a strong presumption that counsel's conduct fell within the wide

range of reasonable professional assistance, and therefore the defendant must

overcome the presumption that the challenged action constitutes "sound trial

strategy." *Id.* at 689, 104 S. Ct. at 2065; *Williams v. State*, 301 S.W.3d 675, 687

(Tex. Crim. App. 2009). Our review is highly deferential to counsel, and we do

not speculate regarding counsel's trial strategy. *Bone v. State*, 77 S.W.3d 828, 833

(Tex. Crim. App. 2002). If the record is silent regarding the reasons for counsel's

conduct—as it usually is on direct appeal—then the record is insufficient to overcome the presumption that counsel followed a legitimate trial strategy. *Tong v. State*, 25 S.W.3d 707, 713–14 (Tex. Crim. App. 2000) (holding counsel's failure to object to "arguably objectionable" victim impact testimony and evidence was not ineffective assistance of counsel when record was silent as to counsel's strategy); *see also Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (rejecting court of appeals's conclusion that there was "no conceivable reason" for trial counsel's actions and stating that because record was silent on this point, defendant "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable").

## B.    Analysis

The record is silent regarding why counsel did not object to the admission of the girls' letters as part of the PSI report or to the punishment assessed. Without trial counsel's explanation, the record is insufficient to evaluate whether counsel's assistance fell below an objective standard of reasonableness. *See Tong*, 25 S.W.3d at 713–14 (holding counsel's failure to object to "arguably objectionable" victim impact testimony and evidence was not ineffective assistance of counsel when trial record was silent as to counsel's strategy); *see also Thompson*, 9 S.W.3d at 813 (holding that record must affirmatively demonstrate alleged ineffectiveness). As such, appellant has failed to overcome the strong presumption

12

that his counsel's conduct was based on a legitimate trial strategy. *See Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065; *Williams,* 301 S.W.3d at 687.

Additionally, before we may conclude that counsel was ineffective for failing to make an objection, appellant must show that the trial judge would have erred in overruling the objection. *Vaughn v. State,* 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). It is not ineffective assistance for trial counsel to forego making frivolous arguments and objections. *See Edmond v. State,* 116 S.W.3d 110, 115 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). As previously discussed, the trial court would not have erred in overruling either objection. Accordingly, appellant has failed to meet the first prong of the *Strickland* test.

Appellant's argument that his counsel's failure to object to his punishment on Eighth Amendment grounds is equivalent to the denial of counsel altogether, and that, therefore, prejudice can be legally presumed, is equally unavailing. The *Strickland* analysis does not apply when prejudice is "presumed." *See United States v. Cronic,* 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984). If a defendant can demonstrate that his counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," such that there was a constructive denial of the assistance of counsel altogether, then prejudice is legally presumed. *See Cannon v. State,* 252 S.W.3d 342, 349–50 (Tex. Crim. App. 2008) (citing *Cronic,* 466 U.S. at 658–59, 104 S. Ct. 2039, 2046–47); *see also Bell v. Cone,* 535 U.S. 685, 696–97,

122 S. Ct. 1843, 1851 (2002) (noting that, under *Cronic*, defense counsel's failure to test prosecution's case must be "complete" before prejudice is presumed).

Here, appellant's counsel participated in all aspects of the punishment hearing, including making objections, cross-examining the State's witness, eliciting testimony from appellant, and making a closing statement. As such, the record does not reflect that appellant's counsel failed to subject the State's case to "meaningful adversarial testing." *Compare Cannon*, 252 S.W.3d at 350–52 (holding defendant was constructively denied his right to effective assistance of counsel when his counsel refused to participate in jury selection, enter plea for his client, make opening or closing statement, cross-examine any of State's witnesses, make any objections, offer any defense, request any special jury instructions, or offer any evidence or argument with respect to punishment).

We overrule appellant's first point of error.

### Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

14