**Opinion issued August 6, 2020**



In The

# Court of Appeals

For The

## First District of Texas

————————————

**NO. 01-19-00696-CR**

**NO. 01-19-00697-CR**

———————————

**BRODERICK HERMOND HAMILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1568044 & 1568045**

## MEMORANDUM OPINION

Appellant, Broderick Hermond Hamilton, without an agreed punishment recommendation from the State, pleaded guilty to two separate offenses of

aggravated robbery.[1]  After a presentence investigation ("PSI") hearing, the trial court assessed his punishment at confinement for twenty-five years for each offense, to run concurrently.  In his sole issue, appellant contends that the trial court erred in assessing his punishment without a complete PSI.

We modify the trial court's judgment and affirm as modified.

## Background

Before appellant pleaded guilty, his trial counsel moved to have appellant evaluated for competence, asserting that appellant was unable to effectively communicate with his counsel and that he had previously received treatment for mental health issues.  The trial court granted the motion.

Dr. Ramon A. Laval filed a competency evaluation with the trial court.  He diagnosed appellant with unspecified bipolar and related disorder and noted that appellant had a history of psychiatric issues, including a hospitalization at the Harris County Psychiatric Center in 2015.  The records from that hospitalization contain a diagnosis of "psychotic disorder, not otherwise specified, hallucinogen-induced psychotic disorder with delusions, hallucinogen dependence, opioid dependence, cannabis dependence and history of traumatic brain injury related to a car accident and an assault in March 2015."  Dr. Laval nevertheless found that appellant

---

[1]  *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b); appellate cause no. 01-19-00696-CR, trial court cause no. 1568045; appellate cause no. 01-19-00697-CR, trial court cause no. 1568044.

2

"demonstrate[d] sufficient present ability to consult with his [trial counsel] with a reasonable degree of rational understanding" and that he "c[ould] understand, both rationally and factually, the pending charges and criminal proceedings against him." In Dr. Laval's opinion, appellant was competent to participate in his defense and competent to stand trial.

After appellant pleaded guilty to two separate offenses of aggravated robbery, the trial court reset appellant's cases for a PSI hearing and ordered preparation of a PSI report. At the PSI hearing, Harris County Constable's Office, Precinct 4, Sergeant G. Lindley testified that on October 18, 2017, at around 2:00 p.m., he "heard a call go out" about a robbery that occurred at a cellular telephone retail store nearby. Appellant and his codefendant escaped the scene in the codefendant's car. Law enforcement officers intercepted the car and, when the car stopped, they arrested the codefendant, but appellant fled on foot.

Later that same day, Sergeant Lindley received a report that a car had been stolen by a man with a firearm. Lindley drove to one of the main thoroughfares in the area, where he saw a car that matched the description of the stolen car. When he turned his patrol car around to follow the car and activated his emergency lights and siren, the car accelerated and led him on a high-speed chase, reaching speeds of up to 110 miles per hour. After about twelve minutes of pursuit, appellant drove to an apartment complex where he jumped out of the moving car, shouted, and raised a

3

firearm in the air. Because appellant left the car in gear, it collided with another car occupied by a family. Lindley and several other law enforcement officers followed appellant into the apartment complex.

According to Sergeant Lindley, the "first thing [that he] saw when [appellant] got out of the car was a pistol with a finger in the trigger." At that point, Lindley and two other law enforcement officers on the scene drew their firearms and shot at appellant. Appellant was struck by several bullets. Later, it was determined that four different types of bullets had been discharged in the confrontation. After appellant was detained by law enforcement officers, he was transported to the hospital.

Lisa Hamilton, appellant's mother, testified that appellant began having trouble with narcotics use approximately ten years ago, sometime after he had been diagnosed with schizophrenia. After the events of October 18, 2017, she went to the hospital, where she was told that appellant was still alive but had been shot "about seven times," and one of the shots had rendered him blind. Lisa was told that appellant would require rehabilitation to "learn how to walk and talk and everything again." At the time of the PSI hearing, appellant had no sense of smell and required additional surgery on his face.

The trial court admitted into evidence letters from appellant's family and friends in support of his request for community supervision. Although appellant's

4

trial counsel did not seek to introduce appellant's medical records into evidence, the trial court confirmed that it had reviewed approximately 1,700 pages of unspecified "medical records" before the hearing.

The trial court also admitted into evidence the nine-page PSI report. The report documents the facts of the offenses to which appellant pleaded guilty, appellant's criminal history, the results of appellant's Texas Risk Assessment System survey, and information concerning appellant's mental health. Appellant's trial counsel did not object to the PSI report.

### PSI Report

In his sole issue, appellant argues that the trial court erred in assessing his punishment without requiring that the PSI report include the results of appellant's psychological report determining "at a minimum" his IQ and adaptive functioning score because by doing so the trial court violated Texas Code of Criminal Procedure article 42A.253(a)(6)(A) and (B). (Internal quotations omitted.)

Before a trial court may impose a sentence on a defendant in a felony case, the Texas Code of Criminal Procedure requires the trial court to direct a community supervision officer to prepare and provide a PSI report. TEX. CODE CRIM. PROC. ANN. art. 42A.252. In certain cases, the PSI report must include a psychological evaluation which determines the defendant's IQ and adaptive behavior score. TEX. CODE CRIM. PROC. ANN. art. 42A.253(a)(6)).

5

But even in felony cases, a defendant may forfeit the right to have a trial court order preparation of a PSI report by inaction. *See Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005) (holding defendant may waive right to preparation of PSI report required by TEX. CODE CRIM. PROC. Ann. art. 42.12 § 9(a) (now codified at TEX. CODE CRIM. PROC. ANN. art. 42A.252)); *see also Jimenez v. State*, 446 S.W.3d 544, 550 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (considering whether defendant preserved claim that trial court erred in not ordering PSI report). This Court has consistently held that a defendant waives any error in the omission of a psychological evaluation from a PSI report where his trial counsel fails to object to the omission in the trial court. *See Castello v. State*, 555 S.W.3d 612, 617–18 (Tex. App.—Houston 2018, pet. ref'd); *Morris v. State*, 496 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (holding to preserve error, party must specifically inform trial court of challenge to psychological evaluation's adequacy or objection to psychological evaluation's omission from PSI); *Brand v. State*, 414 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd); *accord Nguyen v. State*, 222 S.W.3d 537, 541 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (concluding defendant waived right to complain about omission of psychological evaluation part of PSI report by failing to object in trial court, noting "[t]he right to a psychological report can be forfeited, just as the right to a presentence investigation generally"); *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd)

6

(holding statutory right to PSI report was subject to procedural default and could be forfeited by inaction). Thus, we hold that appellant has not preserved his complaint for appellate review.

## Modification of Judgment

The trial court's written judgments do not accurately comport with the record in these cases in that they, under the heading of "special findings or orders," state: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Here, the record reflects that the trial court certified appellant's right to appeal in each case. *See* TEX. R. APP. P. 25.2(d). When there is a conflict between a trial court's certification of a defendant's right of appeal and a written judgment concerning a defendant's right to appeal, the certification controls, especially when the remainder of the record supports the statement in the certification. *See Grice v. State*, 162 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

"[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when [they] ha[ve] the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet ref'd)). Although neither party addresses the inconsistency between the trial court's written judgments and the record, we, based on our review, conclude

7

that the portions of the judgments regarding appellant's right to appeal do not accurately comport with the record in these cases. *See Asberry*, 813 S.W.2d at 529–30 (authority to correct incorrect judgment not dependent upon request of any party).

Thus, we modify the trial court's judgment in each case to strike the "special finding[] or order[]" of "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." *See* TEX. R. APP. P. 43.2(b); *see, e.g.*, *Jones v. State*, No. 01-14-00385-CR, 2015 WL 4591745, at *9 (Tex. App.—Houston [1st Dist.] July 30, 2015, no pet.) (mem. op., not designated for publication).

## Conclusion

We affirm the judgments of the trial court as modified.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).