PD-1303-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/1/2015 1:52:10 PM
Accepted 10/2/2015 11:16:40 AM
ABEL ACOSTA
CLERK

No._____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS
AUSTIN, TEXAS

ROXANE YVETTE DAVIS, APPELLANT
V.
THE STATE OF TEXAS, APPELLEE

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CASE NUMBER 12-15-00077-CR
COURT OF APPEALS
FOR THE 12TH DISTRICT OF TEXAS
AT TYLER, TEXAS

ON APPEAL FROM NO. 241-1149-14
IN THE 241ST JUDICIAL DISTRICT COURT OF
SMITH COUNTY, TEXAS
HONORABLE JACK SKEEN, JR, JUDGE PRESIDING

J. BRANDT THORSON
STATE BAR NO. 24043958
606 E. METHVIN ST.
P.O. BOX 3768
LONGVIEW, TEXAS 75606
(903) 758-4878
(903) 212-3038 FACSIMILE

APPELLANT REQUESTS ORAL ARGUMENT

FILED IN
COURT OF CRIMINAL APPEALS

October 2, 2015

ABEL ACOSTA, CLERK

IDENTITY OF JUDGE, PARTIES, & COUNSEL

Appellant: Roxane Yvette Davis

Appellee: The State of Texas, by and through her Criminal District Attorney of Smith County, D. Matt Bingham

Trial Judge
Hon. Jack Skeen, Jr.
241st Judicial District Judge
100 N. Broadway, Room 220
Tyler, Texas 75702

Appellant's Trial & Appellate Counsel:
J. Brandt Thorson
State Bar No. 24043958
J. Brandt Thorson, PLLC
606 E. Methvin St.
P.O. Box 3768
Longview, Texas 75606
jbt@jbtfirm.com

Appellee's Trial & Appellate Counsel:
Lucas R. Machicek (Trial Counsel)
State Bar No. 24064230
Michael J. West (Appellate Counsel)
State Bar No. 21203300
Smith County Assistant Criminal District Attorney
100 N. Broadway, Ste. 400
Tyler, Texas 75702

TABLE OF CONTENTS

Cover Page..............................................................................................1

Identity of Judge, Parties & Counsel.............................................2

Table of Contents...............................................................................3

Index of Authorities..........................................................................4

Statement Regarding Oral Argument............................................5

Statement of the Case........................................................................5

Statement of Procedural History....................................................5

Grounds for Review...........................................................................6
        The Court of Appeals erred when it held that Appellant's
        punishment assessed was not cruel and unusual punishment, as
        the relationship between the punishment assessed and the
        underlying criminal act is grossly disproportionate.

Argument...............................................................................................6

Prayer for Relief................................................................................10

Certificate of Compliance...............................................................11

Certificate of Service.......................................................................11

Appendix...............................................................................................12

# INDEX OF AUTHORITIES

*Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).8

*Davis v. Texas*, 2015 WL 5157530 (Tex.App.-Tyler, delivered Sept. 2, 2015)……………………………………………………………...…….5,12

*Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed. 2d 335 (1986)…………………………………………………………….8

*Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed. 2d 1 (2005)….8

*Rummel v. Estell*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)………………………………………………………….7,8,9

*Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)……...7

*Weems v. U.S.*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910)…………….8.9

Tex. Penal Code § 31.03…………………………………………………...…..5

Tex. R.App.Pro. 9.4(i)(3)….. ……………………………………………...…..11

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant respectfully requests oral argument.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of Theft, of the value of less than $1500, with enhancement of two previous convictions of theft, in violation of Tex. Penal Code § 31.03.  (CR., p. 1). Appellant entered an open plea to the Court.  Appellant entered a plea of guilty to the offense of theft as alleged in the indictment and entered pleas of true to the enhancement allegations contained in the indictment on February 2, 2015 (Vol. 1, p. 3, 13).  On February 26, 2015, the Court conducted a Sentencing Hearing, assessing punishment at 16 months in a State Jail Facility.  (Vol. 2, p. 80).  Appellant timely perfected the appeal.  (CR., p. 60).

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented two issues in the appellate brief.  The conviction was affirmed in the Memorandum Opinion issued on September 2, 2015.  *Roxanne Yvette Davis v. Texas*, 2015 WL 5157530 (Tex.App.-Tyler, delivered Sept. 2, 2015)(See Appendix).  No Motion for

Rehearing was filed; therefore, no date for said motion was overruled or otherwise disposed of. This petition is due to be filed on October 2, 2015, and therefore, it is timely filed.

## GROUND FOR REVIEW

The Court of Appeals erred when it held that Appellant's punishment assessed was not cruel and unusual punishment, as the relationship between the punishment assessed and the underlying criminal act is grossly disproportionate.

## ARGUMENT

The Trial Court's assessment of a 16 month confinement in a State Jail facility for an underlying theft with a restitution figure of $275 is unconstitutionally disproportionate (Vol. 2, p. 26). Limiting the scope of the 8th Amendment to death penalty cases has no foundation in the Constitution.

The logic of the opinion from the Court of Appeals is circular. The Court rationalizes that the Legislature is vested with the power to define crimes and proscribe punishment, and that as long as the punishment is within the confines of a valid statute, it is necessarily not excessive,

cruel or unusual. This gives the legislative branch unbridled power to legislate any punishment it desires. It eliminates the oversight function of the Courts. Just because an assessed punishment falls within the legislated confines of the law does not mean that said punishment is necessarily not cruel or unusual.

The Court then goes onto outline the 3 prong test found in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and define the threshold issue of analysis as disproportionality. In analyzing disproportionality, the Court relies exclusively on *Rummel v. Estell*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Times have changed and so should the standards for analyzing proportionality in sentences. In *Rummel v. Estell*, a 5-4 majority opinion from 1980 upheld a Mandatory Life conviction for a habitual Texas thief. At first glance, this case is analogous to the case at hand. Both involve Texans that had two previous convictions. Both cases involve theft, and both result in enhanced sentences. The problem with this analysis, however, is that it doesn't take a closer look at the underlying assumptions of the 1980 case and how jurisprudence has changed in the last 35 years. The time of the ruling in *Rummel* is dramatically different than the times in which we find ourselves today.

Looking at Death Penalty cases from the last 35 years, the view of Cruel and Unusual Punishment has changed. Our society, in a large part because of the decisions of the Courts, has moved forward. A microcosm of this change is Death Penalty cases in the Supreme Court. Examining a timeline from 1980 until today reveals that the mentally retarded, minors, and insane can no longer be executed. See *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed. 2d 1 (2005) and *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed. 2d 335 (1986). This is not a result of a change in the Constitution, but a change in the interpretation of such. The same is true of how the 8th Amendment should be viewed in light of individuals charged in cases such as the instant case and *Rummel*.

A closer look at *Rummel* reveals that the majority opinion heavily cites *Weems v. U.S.* in an effort to steer 8th Amendment analysis away from non-death penalty cases. *Weems v. U.S.*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910). By focusing on an extreme case where time was not the only condition of confinement, the Court effectively creates a standard that "as punishable by significant terms of imprisonment in a

state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative" *Rummel*, 445 U.S. at 275.

As Justice Powell states in the dissent, "The Court concedes today that the principle of disproportionality plays a role in the review of sentences imposing the death penalty, but suggests that the principle may be less applicable when a noncapital sense is challenged.  Such limitation finds no support in the History of Eighth Amendment jurisprudence." *Id*. at 288.  It is time that the wrong of *Rummel* be corrected.  An honest analysis of proportionality reveals that from a historical perspective, the idea of disproportionality applies to both capital and non-capital cases.  Whether dating back to the extraordinary circumstances of *Weems* in 1910 or merely using common sense, proportionality and reason deserve a chance.

In the case at hand, the Appellant admits during testimony at Sentencing to a restitution amount of $270.  (Vol. 2, p. 26).  Dividing that sum over the sixteen-month period of confinement, the Appellant's monthly payment of time to society is only worth $16.875 per month.  Taken further, her time is worth less than 56 cents per day.  Granted, she plead true to the two enhancement allegations in the second

paragraph of her indictment, but the severity of her previous crimes leads one to question the rationality of such a steep sentence.

Times are changing, and so are the standards used to determine what is a just sentence. As is evident with President Obama's recent call to eliminate Mandatory Minimum Sentencing guidelines in the federal system and the overrunning costs of keeping non-violent offenders incarcerated, Appellant prays that this Court will re-examine this issue.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion reversing the Court of Appeals' judgment and remanding the cause to the trial court for a new trial.

Respectfully Submitted,
/s/J. Brandt Thorson
J. Brandt Thorson
State Bar No. 24043958
J. Brandt Thorson, PLLC
606 E. Methvin St.
P.O. Box 3768
Longview, Texas 75606
jbt@jbtfirm.com

## CERTIFICATE OF COMPLIANCE

I, J. Brandt Thorson, do hereby certify that the word count specified in Tex. Rules of App. Proc. 9.4(i)(3) provided by the computer program used to prepare this brief is 1621 words.

/s/J. Brandt Thorson
J. Brandt Thorson

## CERTIFICATE OF SERVICE

We hereby certify, by affixing my signature below, that a true and correct copy of the foregoing Petition for Discretionary Review, was delivered via the electronic filing manager to (1) D. Matt Bingham, Criminal District Attorney of Smith County, Texas and (2) to the Office of the State Prosecuting Attorney on  October 1, 2015.

/s/J. Brandt Thorson
J. Brandt Thorson

APPENDIX

*Roxanne Yvette Davis v. Texas*, 2015 WL 5157530 (Tex.App.-Tyler, delivered Sept. 2, 2015)

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROXANNE YVETTE DAVIS, APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Roxanne Yvette Davis appeals her conviction for theft, for which she was sentenced to confinement for sixteen months. In two issues, Appellant argues her sentence is excessive and grossly disproportionate to the crime of which she was convicted. We affirm.

### BACKGROUND

Appellant was charged by indictment with theft. The indictment further alleged that Appellant had twice been previously convicted of theft. Appellant pleaded "guilty," and the matter proceeded to a trial on punishment. Ultimately, the trial court sentenced Appellant to confinement for sixteen months, and this appeal followed.

### CRUEL AND UNUSUAL PUNISHMENT

In her first and second issues, Appellant argues that the sixteen month sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States

Constitution); *Ajisebutu v. State*, 236 S.W.3d 309, 311–12 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (waiver with regard to Texas Code of Criminal Procedure, Article 1.09); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which she complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of theft of property valued at less than $1,500 with two prior theft convictions, the punishment range for which is one hundred eighty days to two years. *See* TEX. PENAL CODE ANN. §§ 12.35(a), 31.03(e)(4)(D) (West Supp. 2014). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in

*Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., **McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also **Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in ***Rummel v. Estell***, 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980). In ***Rummel***, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See **id**.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. ***Id**.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. ***Id**.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—theft of less than $1,500 with two prior theft convictions—is more serious than the combination of offenses committed by the appellant in ***Rummel***, while Appellant's sixteen month sentence is far less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it is reasonable to conclude that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test. Appellant's first and second issues are overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

3